# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PRESTON KEITH JACKSON,<br><br>Defendant. | CR 11-61-GF-BMM-JTJ<br><br>**AMENDED FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Preston Keith Jackson (Jackson) has been accused of violating the conditions of his supervised release. Jackson admitted the alleged violations. Jackson's supervised release should be revoked. Jackson should receive a term of custody of time served, with 35 months of supervised release to follow.

## II. Status

Jackson pleaded guilty to three counts of Burglary on December 15, 2011. (Doc. 18). The Court sentenced Jackson to 33 months of custody, followed by 3 years of supervised release. (Doc. 28). Jackson's current term of supervised release began on September 25, 2018. (Doc. 31 at 1).

**Petition**

The United States Probation Office filed a Petition on January 28, 2019, requesting that the Court revoke Jackson's supervised release. (Doc. 31). The Petition alleges that Jackson violated the conditions of his supervised release: 1) by failing to report to the United States Probation Office within 72 hours of his release from custody; and 2) by failing to notify his probation officer of a change in residence. (Doc. 31 at 1-2). United States District Judge Brian Morris issued a warrant for Jackson's arrest on January 28, 2019. (Doc. 32).

**Initial appearance**

Jackson appeared before the undersigned for his initial appearance on February 26, 2019. Jackson was represented by counsel. Jackson stated that he had read the petition and that he understood the allegations. Jackson waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 26, 2019. Jackson admitted that he had violated the conditions of his supervised release: 1) by failing to report to the United States Probation Office within 72 hours of his release from custody; and 2) by failing to notify his probation officer of a change in residence.

The violations are serious and warrant revocation of Jackson's supervised release.

Jackson's violations are Grade C violations. Jackson's criminal history category is III. Jackson's underlying offenses are Class C felonies. Jackson could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months. Both Jackson and the government requested a term of custody of time served.

### III. Analysis

Jackson's supervised release should be revoked. Jackson should receive a term of custody of time served, with 35 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Jackson that the above sentence would be recommended to Judge Morris. The Court also informed Jackson of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Jackson that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Jackson stated that he wished to waive his right to object to these Findings and Recommendations, and he stated

that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

>That Preston Keith Jackson has violated the conditions of his supervised release by failing to report to the United States Probation Office within 72 hours of his release from custody, and by failing to notify his probation officer of a change in residence.

The Court **RECOMMENDS:**

>That the District Court revoke Jackson's supervised release and commit Jackson to the custody of the United States Bureau of Prisons for a term of time served, with 35 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to these Amended Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may

waive the right to appear and allocute before a district court judge.

DATED this 28th day of February, 2019.

/s/ John Johnston
John Johnston
United States Magistrate Judge