FILED

JUN 0 3 2020

Clerk, U.S. District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 11-61-GF-BMM-JTJ |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| PRESTON KEITH JACKSON, | |
| Defendant. | |

## I. Synopsis

Defendant Preston Keith Jackson (Jackson) has been accused of violating the conditions of his supervised release. Jackson admitted the alleged violation. Jackson's supervised release should be revoked. Jackson should be placed in custody for 5 months, with 24 months of supervised release to follow.

## II. Status

Jackson pleaded guilty to three counts of Burglary on December 15, 2011. (Doc. 18). The Court sentenced Jackson to 33 months of custody, followed by 3 years of supervised release. (Doc. 28). Jackson's current term of supervised release began on December 6, 2019. (Doc. 56 at 2).

**Petition**

The United States Probation Office filed a Petition on April 20, 2020, requesting that the Court revoke Jackson's supervised release. (Doc. 56). The Petition alleges that Jackson violated the conditions of his supervised release by failing to complete his 180-day term at the Billings Residential Reentry Center. (Doc. 56 at 2).

**Initial appearance**

Jackson appeared before the undersigned for his initial appearance on June 2, 2020. Jackson was represented by counsel. Jackson stated that he had read the petition and that he understood the allegations. Jackson waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 2, 2020. Jackson admitted that he had violated the conditions of his supervised release by failing to complete his 180-day term at the Billings Residential Reentry Center. The violation is serious and warrants revocation of Jackson's supervised release.

Jackson's violation is a Grade C violation. Jackson's criminal history category is III. Jackson's underlying offenses are Class C felonies. Jackson

2

could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 29 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Jackson's supervised release should be revoked. Jackson should receive a term of custody of 5 months, with 24 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Jackson that the above sentence would be recommended to Judge Morris. The Court also informed Jackson of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Jackson that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Jackson stated that he wished to waive his right to object to these Findings and Recommendations, and he stated that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Preston Keith Jackson has violated the conditions of his supervised release by failing to complete his 180-day term at the Billings Residential Reentry Center.

The Court **RECOMMENDS:**

That the District Court revoke Jackson's supervised release and commit Jackson to the custody of the United States Bureau of Prisons for 5 months, with 24 months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to these Amended Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 3rd day of June, 2020.

John Johnston
United States Magistrate Judge