IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PRESTON KEITH JACKSON,<br><br>Defendant. | CR 11-61-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Preston Keith Jackson (Jackson) has been accused of violating the conditions of his supervised release. Jackson admitted the alleged violation. Jackson's supervised release should be revoked. Jackson should be placed in custody for 9 months on each count, with no supervised release to follow. The sentences should run concurrently. Jackson should serve his term of custody at the Bureau of Prisons' facility in Sheridan, Oregon.

## II. Status

Jackson pleaded guilty to three counts of Burglary on December 15, 2011. (Doc. 18). The Court sentenced Jackson to 33 months of custody, followed by 3 years of supervised release. (Doc. 28). Jackson's current term of supervised release began on August 31, 2021. (Doc. 84 at 2).

**Petition**

The United States Probation Office filed a Petition on November 22, 2021, requesting that the Court revoke Jackson's supervised release. (Doc. 84). The Petition alleges that Jackson violated the conditions of his supervised release by failing to reside at a place approved by his probation officer. (Doc. 84 at 3).

**Initial appearance**

Jackson appeared before the undersigned for his initial appearance on January 25, 2022. Jackson was represented by counsel. Jackson stated that he had read the petition and that he understood the allegations. Jackson waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 25, 2022. Jackson admitted that he had violated the conditions of his supervised release by failing to reside at a place approved by his probation officer. The violation is serious and warrants revocation of Jackson's supervised release.

Jackson's violation is a Grade C violation. Jackson's criminal history category is III. Jackson's underlying offenses are Class C felonies. Jackson could be incarcerated for up to 24 months on each count. Jackson could be

ordered to remain on supervised release for up to 17 months on each count, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Jackson's supervised release should be revoked. Jackson should be placed in custody for 9 months on each count, with no supervised release to follow. The sentences should run concurrently. Jackson should serve his term of custody at the Bureau of Prisons' facility in Sheridan, Oregon.

### IV. Conclusion

The Court informed Jackson that the above sentence would be recommended to United States District Judge Brian Morris. The Court informed Jackson of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Jackson that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. The Court also informed Jackson of his right to allocute before Judge Morris. Jackson stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

That Preston Keith Jackson has violated the conditions of his supervised release by failing to reside at a place approved by his probation officer.

The Court **RECOMMENDS:**

That the District Court revoke Jackson's supervised release and commit Jackson to the custody of the United States Bureau of Prisons for 9 months on each count, with no supervised release to follow. The sentences should run concurrently. Jackson should serve his term of custody at the Bureau of Prisons' facility in Sheridan, Oregon.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to these Amended Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 26th day of January, 2022.

John Johnston
United States Magistrate Judge